IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
|   Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-06-305-F |
| | ) | |
| **SUSAN D. WILLIAMS**, | ) | |
|   Respondent. | ) | |

### ORDER

    Pursuant to an Order [Doc. 20] issued on July 28, 2006, a Bench Warrant [Doc. 21] was issued directing the United States Marshal or any authorized officer to arrest Respondent Susan D. Williams and bring her before the Court on August 2, 2006, at 3:30 p.m., to answer for the Court's Order [Doc. 15] of June 30, 2006, finding Respondent in civil contempt; to answer for her failure to appear before Revenue Officer Kathy Santino at the IRS Taxpayer Service Office in Oklahoma City on July 20, 2006, as directed by the Court's Order [Doc. 15] of June 30, 2006; and to offer such additional matters for the Court's consideration to afford Respondent the opportunity to purge herself of contempt.

    A hearing was held on August 2, 2006, in the captioned matter and in the related case *United States v. Stephen C. Williams*, CIV-06-304-F. Messrs. David Ogle and Charles Schindler appeared on behalf of Respondent; Assistant United States Attorney R. D. Evans, Jr., appeared on behalf of Petitioner. Mr. Schindler and Mr. Josh Welch appeared on behalf of Stephen C. Williams, the respondent in *United States v. Stephen C. Williams*, CIV-06-304-F.

<u>Standards of Law</u>

    A trial court has broad discretion in using its contempt powers to require adherence to court orders. <u>United States v. Riewe</u>, 676 F.2d 418, 421 (10th Cir. 1982) (per curiam). In a civil contempt

proceeding, the elements of proof of contempt are that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. The proof of contempt must be clear and convincing. F.T.C. v. Kuykendall, 371 F.3d 745, 756-57 (10th Cir. 2004) *citing* Reliance Ins. Co. v. Mast Construction Co., 159 F.3d 1311, 1315 (10th Cir. 1998).

Civil contempt sanctions are designed to compel future compliance with a court order and are considered to be coercive and avoidable through obedience. Thus, they may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827, 114 S.Ct. 2552, 2557 (1994).

### Findings

Consistent with the court record and the evidence, oral findings, conclusions, and orders announced at the hearing, the Court makes the following findings:

1. Respondent was adjudged in civil contempt at a hearing on June 28, 2006, as recorded in the Court's Order [Doc. 15] of June 30, 2006 (the "Contempt Order"). As indicated in the Contempt Order, the Court's May 8, 2006, Order [Doc. 9] directing Respondent to comply with an IRS summons[1] was a valid court order; the May 8, 2006, Order [Doc. 9] was served properly on Respondent; and Respondent disobeyed the May 8, 2006, Order [Doc. 9] by failing to appear as directed and provide documents and information required under the IRS summons. Respondent was given reasonable and legally sufficient notice of the proceedings, including the June 28, 2006, hearing, and was given an opportunity to be heard, yet Respondent failed to appear and respond. The Court adopts by reference the findings recorded in the Contempt Order, and refuses to revisit that earlier ruling.

---

[1] A copy of the IRS summons is included in the Court record. *See* Petition to Enforce Internal Revenue Service Summons [Doc. 1], Exhibit 2.

2. Pursuant to the Contempt Order, Respondent was directed to appear at the IRS Taxpayer Service Office, 55 North Robinson, Room 117, Oklahoma City, Oklahoma 73102, at 9:30 a.m. on July 20, 2006, to give testimony and provide for examination and reproduction all documents and information relating to the 1993, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003 tax years as identified in and required by the IRS summons.

3. At the hearing on June 28, 2006, and as stated in the Contempt Order, Respondent was immediately fined the sum of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00). That fine was intended not as punishment but to compel Respondent's appearance at the IRS Taxpayer Service Office on July 20, 2006, and otherwise ensure her compliance with the terms of the Contempt Order. Pursuant to the terms of the Contempt Order, if Respondent had appeared as directed at the IRS Taxpayer Service Office on July 20, 2006, with the documents and information so identified in the IRS summons, the fine would have been remitted.

4. The Contempt Order was served on Respondent on July 6, 2006, by leaving a copy with a person of suitable age and discretion residing at Respondent's dwelling house or usual place of abode. *See* Return of Service [Doc. 16]. Petitioner also sent a copy of the Contempt Order via certified mail to Respondent at her home address; Mr. Stephen C. Williams, Respondent's husband and the respondent in *United States v. Stephen C. Williams*, CIV-06-304-F, accepted receipt of that mailing on or before July 14, 2006. *See* Petitioner's Response to Order [Doc. 17], Exh. 2.

5. Respondent failed to appear at the IRS Taxpayer Service Office on July 20, 2006, or otherwise comply with the terms of the Contempt Order.

6. Respondent was arrested pursuant to the Bench Warrant [Doc. 21], and she was brought before the Court on August 2, 2006.

7. At the hearing on August 2, 2006, Respondent stated in open court that she will appear at the IRS Taxpayer Service Office, 55 North Robinson, Room 117, Oklahoma City, Oklahoma 73102, at 11:30 a.m. on August 22, 2006, to give testimony and provide for examination and reproduction all documents and information relating to the 1993, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003 tax years as identified in and required by the IRS summons. Accordingly, at the conclusion of the hearing, the Court ordered Respondent's immediate release from the custody of the United States Marshal.

8. Should Respondent fail to appear at the IRS Taxpayer Service Office at 11:30 a.m. on August 22, 2006, or fail to provide the documents and information identified and required by the IRS summons, the Court will entertain an application by Petitioner for issuance of another bench warrant for Respondent's arrest.

9. At the hearing on August 2, 2006, Mr. Stephen C. Williams, through counsel, moved for remission or reduction of the fines of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00) imposed by the Contempt Order issued herein and by the similar order issued in *United States v. Stephen C. Williams*, CIV-06-304-F. The Court denied that motion on the following grounds:

   a. Pursuant to the IRS summonses issued in November 2005, Mr. and Mrs. Williams were ordered to appear at the IRS Taxpayer Service Office on December 15, 2005, to testify and produce books, records, and other documents relating to their income tax liability. They failed to appear on December 15, 2005.

   b. By letter posted on December 19, 2005, the IRS offered Mr. and Mrs. Williams a second chance to appear at the IRS Taxpayer Service Office on January 19, 2006, and produce the matters covered by the summons. They failed to appear on January 19, 2006.

c. After Petitioner filed the instant suit, the Court issued an Order to Show Cause [Doc. 5], directing Respondent to appear before the Court on May 4, 2006, and show cause why the IRS summons should not be enforced. On May 4, 2006, show-cause proceedings were held; Respondent failed to appear.

d. On May 8, 2006, the Court issued an Order [Doc. 9] directing Respondent to obey and comply in all respects with the IRS summons and ordered Respondent to appear at the IRS Taxpayer Service Office on June 1, 2006. On June 1, 2006, Respondent failed to appear.

e. On June 2, 2006, the Court issued an Order [Doc. 12] directing Respondent to appear before the Court on June 28, 2006, and show cause, if any, why Respondent should not be held in contempt. On June 28, 2006, contempt proceedings were held; Respondent failed to appear.

f. The Court's Contempt Order directed Respondent to appear at the IRS Taxpayer Service Office on July 20, 2006. Respondent failed to appear on July 20, 2006.

g. The sanctions in the Contempt Order were issued to compel future compliance with the Court's order that Respondent appear at the IRS Taxpayer Service office on July 20, 2006. Those sanctions were avoidable through obedience. Respondent could have purged herself of the contempt and avoided the sanctions. Had Respondent appeared at the IRS Taxpayer Service Office on July 20, 2006, the fine of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00) would have been remitted, as expressed in the Contempt Order. *See* Order [Doc. 15] at 5 ("IT IS FURTHER ORDERED that should Respondent appear as directed before Revenue Officer Santino on July 20, 2006, with the documents and information so identified, the fine of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00) shall be remitted.").

    h.  Respondent was put on notice of the method by which she could purge herself of contempt and obtain remission of the fine, yet she did not commit such affirmative acts as would purge the contempt and remit the fine.

    i.  Respondent ignored no less than six opportunities to comply with the IRS summons and the orders of this Court.

10. That portion of the Contempt Order imposing a fine of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00) is to be reduced to judgment.

## Conclusion

For the foregoing reasons, having carefully considered the parties' submissions, the record, and the relevant arguments and authorities, the Court rules as follows:

IT IS ORDERED ADJUDGED AND DECREED that Respondent SUSAN D. WILLIAMS is directed to appear at the IRS Taxpayer Service Office, 55 North Robinson, Room 117, Oklahoma City, Oklahoma 73102, at 11:30 a.m. on August 22, 2006, to give testimony and provide for examination and reproduction all documents and information relating to the 1993, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003 tax years as identified in and required by the IRS summons, to wit:

> All documents and records [Respondent taxpayer] possess[es] or control[s] regarding assets, liabilities or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records include but are not limited to: all bank statements, checkbooks, canceled checks, savings account passbooks, records or certificates of deposit for the period. . .From January 1, 2005 To October 31, 2005[.] Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IT IS FURTHER ORDERED that should Respondent fail to appear as directed on August 22, 2006, with the documents and information so identified, the Court will, upon application by Petitioner, entertain a motion for issuance of a bench warrant for Respondent's arrest.

IT IS FURTHER ORDERED that Counsel for Petitioner shall notify the Court by written pleadings filed no later than seven (7) days after August 22, 2006, of the position of the United States regarding Respondent's compliance or lack of compliance with the terms of the IRS summons and the orders of this Court.

IT IS FURTHER ORDERED that the fine of FIFTEEN THOUSAND AND NO/100's DOLLARS ($15,000.00) imposed against Respondent pursuant to the Contempt Order is reduced to judgment, and that the United States may initiate such proceedings as are lawful and appropriate for collection of said fine.

IT IS FURTHER ORDERED that the hearing conducted on August 2, 2006, is continued to a date to be determined, if necessary, after August 22, 2006.

SO ORDERED this 8th day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0305p006.PO.wpd